UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **NANCY JODOIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 08-40037-FDS |
| | ) | |
| **BAYSTATE HEALTH SYSTEMS, INC.** | ) | |
| **and LORRI HORTON,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM AND ORDER
ON CROSS-MOTIONS TO TRANSFER

**SAYLOR, J.**

This is an action for employment discrimination on the basis of disability, for violation of the Family and Medical Leave Act, and for unauthorized use of plaintiff's image in an advertisement. Plaintiff Nancy Jodoin has moved to transfer this action to the Eastern Division, which sits in Boston; defendants Baystate Health Systems, Inc., and Lorri Horton have cross-moved to transfer it to the Western Division, which sits in Springfield. Both motions will be denied.

This matter was filed in the Central Division, which sits in Worcester. Under Local Rule 40.1(D)(1), civil cases are assigned to a particular division if, among other things, "[a]ll of the parties reside in the District of Massachusetts and the majority of the plaintiff(s) reside(s) in that division." D. Mass. L.R. 40.1(D)(1)(b). Here, the only plaintiff resides in West Brookfield, which is in Worcester County, and therefore in the Central Division. Defendant Baystate's principal place of business is in Springfield, Hampden County, and defendant Horton resides in

Ware, Hampshire County, both of which are in the Western Division. The case was therefore properly filed in the Central Division.

Under Local Rule 40.1(F), "[a]ny case may be transferred from one division to another division on motion of any party for good cause shown or sua sponte for good cause by the judge to whom the case is assigned." Both parties seek to transfer the case, albeit to different courts.

Plaintiff seeks to transfer the matter to Boston on the grounds that she is legally blind, and that she will need to rely on public transportation to travel to the courthouse. While the Court is certainly sympathetic to plaintiff's desire for accessability, her request is not well-founded. West Brookfield is not served by any public transportation system that provides service to downtown Boston. In fact, the nearest rail station to West Brookfield that provides service to Boston appears to be in Worcester, and the nearest public bus service from her home, which services Brookfield, provides service directly to the Worcester federal courthouse. Furthermore, West Brookfield is more than 70 miles from Boston, but only 20 miles from Worcester. While plaintiff apparently spends substantial time in Newton, outside Boston, that is not sufficient reason to depart from the usual rule.

Defendants seek a transfer to Springfield on the grounds that all of the relevant events took place in the Western Division, and that therefore the witnesses and documents are located there. The slight degree of extra convenience involved—Springfield is approximately a one-hour drive from Worcester—is again not sufficient reason to depart from the rule.

Accordingly, and for the foregoing reasons, plaintiff's motion to transfer to the Eastern Division and defendants' cross- motion to transfer to the Western Division are DENIED.

**So Ordered.**

                                                 /s/   F. Dennis Saylor  
                                                 F. Dennis Saylor IV  
Dated: April 7, 2008                    United States District Judge